President Judge Determination Cases.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

OPINION BY MR. CHIEF JUSTICE BELL, January 27, 1966:

F. *Joseph* Thomas, Judge of the Court of Common Pleas of the 30th Judicial District, has presented a petition to this Court requesting us to take original jurisdiction in this matter and decide that, in spite of the longer continuous Judicial service of Judge P. *Richard* Thomas, they must cast lots for priority of commission and resultingly the office of President Judge of the Court of Common Pleas of the 30th Judicial District.

John N. Sawyer, Judge of the Court of Common Pleas of the 36th Judicial District, has presented a similar petition to this Court requesting us to take original jurisdiction and decide whether he or Judge Ralph F. Scalera, who was appointed by the Governor on June 16, 1964 and served continuously thereafter, is entitled to priority of commission and consequently to be President Judge of the Court of Common Pleas of the 36th Judicial District. Both Judge Scalera and Judge Sawyer were elected for a 10-year term at the general election in November, 1965.

Because of the time element and the importance of the issues involved, this Court, under and by virtue of our King's Bench power, hereby takes original jurisdiction of both these petitions. These petitions raise the same questions and the same issues and will be considered together.

On January 6, 1964, the Governor of Pennsylvania appointed *P. Richard* Thomas a Judge of the Court of Common Pleas in the 30th Judicial District to serve until the first Monday in January, 1966; and on September 5, 1964, because of the death of President Judge Mook, *P. Richard* Thomas was appointed by the Governor to be President Judge of said Court. *P. Richard* Thomas served as Judge and subsequently President Judge from the time of his respective appointments.

*P. Richard* Thomas and *F. Joseph* Thomas were each elected to the Court of Common Pleas in said District at the general election in November, 1965 for a 10-year term, commencing the first Monday in January, 1966. On that date, *F. Joseph* Thomas began for the first time his service as a Judge.*

Does Judge *P. Richard* Thomas's prior and longer continuous Judicial service entitle him to seniority or must they cast lots?

The Constitution of Pennsylvania is clear and unambiguous on the issue here involved. Article V, §17, provides: "Should any two or more judges of the Supreme Court, or any two or more judges of the court of common pleas for the same district, *be elected at the same time,*** they shall, as soon after the election as convenient, cast lots for priority of commission, . . ." The fairness and wisdom of this provision in situations like the present may be doubted,*** but its language

---

\* On December 16, 1964, Robert L. Walker was appointed Judge of the Court of Common Pleas of the 30th Judicial District, to serve until the first Monday of January, 1966. However, he was defeated in the general election in November, 1965.

\*\* Italics throughout, ours.

\*\*\* We have been informed that on several occasions a Judge of a Court of Common Pleas has *waived* his right of "lot casting" in favor of a colleague who had had longer Judicial service. Several members of this Court, including the writer of this Opinion believe that this is not only very unselfish but also often in the best interests of that Court.

gives no support to the inclusion of prior judicial service except when a President Judge of a Court shall be re-elected.* On the contrary, the Constitution provides in the clearest language that when two or more Judges of the Supreme Court or for the Court of Common Pleas for the same District are elected at the same time, they must cast lots for priority of commission.

Attorney General Thomas D. McBride rendered an Opinion on August 4, 1958, reported in 15 Pa. D. & C. 2d 8, in which he stated that when two Common Pleas Judges are elected for the same Judicial District at the same election, prior Judicial service was irrelevant and could not be counted in the determination of priority of commission. The present Attorney General, Walter E. Alessandroni, relying on *Commonwealth ex rel. Reeder v. Pattison*, 109 Pa. 165,** rendered an Opinion on December 13, 1965 which overruled Attorney General McBride's prior Opinion and held that when two Judges are elected at the same time, a longer continuous Judicial service entitles such Judge to a priority of commission.

We repeat: The Constitution on this point is absolutely clear and unambiguous, and it has been interpreted by this Court in a number of recent cases to mean that when two Judges are elected at the same time for the Supreme Court or for the same Court of Common Pleas, length of prior Judicial service is immaterial.*** For example, Justice H. Edgar Barnes was appointed to the Supreme Court of Pennsylvania on July 12, 1935 and was sworn in on September 30, 1935. He and Justice Horace Stern were each elected

---

* See Constitution, Schedule 1, §16; also Act of January 8, 1952, P. L. (1951) 1844, §4, 17 P.S. §787.

** *Commonwealth ex rel. Reeder v. Pattison* was heretofore impliedly and is now expressly overruled.

*** except where a President Judge is re-elected. See supra.

a Justice of the Supreme Court for the term of 21 years at the general election in November, 1935. Justice Stern commenced his service on this Court on the first Monday of January, 1936. This Court was of the unanimous opinion that Justice Barnes and Justice Stern were compelled to cast lots for priority of commission, notwithstanding Justice Barnes' prior Judicial tenure and service. Justice Stern received priority (seniority) as the result of the lot casting.

The same issue was raised and was decided off the record in 1952. In November, 1951, Justice Thomas McKeen Chidsey and Justice Michael A. Musmanno were elected to this Court. Justice Chidsey had served by appointment since July 5, 1950. The 21-year term of office for each of said Justices commenced January 7, 1952. Justice Musmanno graciously allowed Justice Chidsey to sit ahead of him on the bench, with the understanding and agreement of a unanimous Court that if and when either became entitled by seniority to the Chief Justiceship, Justice Chidsey and Justice Musmanno would cast lots for priority of commission and for the office of Chief Justiceship.

A similar question arose in 1961 with respect to the Superior Court and throws further light on the issues here involved. Judge Wright was appointed a Judge of the Superior Court on February 23, 1953 to serve until the first Monday of January, 1954, and was sworn into office on March 2, 1953. In November, 1953, Judge Wright and Judge Ervin were elected to the Superior Court for a 10-year term commencing on the first Monday of January, 1954. Judge Ervin had no service on that Court prior to January, 1954. Judge Woodside was appointed and became a Judge of the Superior Court on October 1, 1953 (prior to Judge Ervin) but was not elected a Judge thereof until November, 1955.

Chief Justice Charles Alvin Jones, in an unreported Opinion dated January 17, 1961, said:

"The members of the Supreme Court are unanimously of opinion that, where two or more judges of the Superior Court *are elected at the same time for a first term,* it is incumbent upon them under the requirements of Section 2 of the Act of June 24, 1895, P. L. 212, as amended by the Act of May 6, 1915,\* P. L. 263, *to cast lots for priority of commission* regardless of whether one or more of such newly elected judges have been serving in the court by appointment.

"The 1915 amendment of Section 2 of the Act of 1895 excludes *re-elected* judges from having to cast lots for priority of commission with a judge or judges elected for the first time which, until then, they had been required to do. . . .

"It is our opinion, therefore, that Judge Wright and Judge Ervin, who were elected at the same time, each for a first term, should cast lots for priority of commission, and that Judge Woodside, who was elected a year later for his first term, is junior to both Judge Wright and Judge Ervin."

Judge Ervin won the toss and thereafter became President Judge.

The aforesaid decisions which interpret and support the Constitution are directly in point and control the questions and issues raised in these petitions.

We direct (1) Judge *P. Richard* Thomas and Judge *F. Joseph* Thomas to cast lots for priority of commis-

---

\* This amendment provides: "As soon as convenient after the first election, the successful candidates shall cast lots for priority of commission and certify the result to the Governor, who shall issue their commissions in accordance therewith, and the same course shall be pursued whenever thereafter two or more judges are elected at the same time: Provided, however, That the judge who is re-elected shall not cast lots for priority of commission, but the rank, priority, and seniority of each judge of said court shall be determined by his continuous length of service as a member of said court." 1895, June 24, P. L. 212, §2; 1915, May 6, P. L. 263, §1.

sion and Judicial seniority in the 30th Judicial District; and (2) we direct Judge Sawyer and Judge Scalera to cast lots for priority of commission and Judicial seniority in the 36th Judicial District.

Mr. Justice EAGEN concurs in the result.